IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHNSON | 1:12-cv-0092-AWI-GBC (PC) |
|     Plaintiff, | **ORDER TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE** |
| vs. | |
| J. ZAMORA, et al | |
|     Defendants. | |

On January 24, 2012, the Court issued an order for Plaintiff to submit an in forma pauperis application, within thirty (30) days. The thirty (30)-day period has now expired and Plaintiff has not filed an application or otherwise responded to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District Courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate, dismissal of a case. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1994); <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9TH Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey

a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

When determining whether to dismiss a action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).   "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006);  (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  This action has been pending for several months.    The court's most recent orders have been returned with notification that prison officials that state Plaintiff's mail was undeliverable.   The court cannot manage its docket if it maintains cases in which a plaintiff has failed to litigate his case.    The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

-2-

-3-

factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order expressly advised Plaintiff that his failure to comply with the order would result in dismissal of this action.  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY ORDERED  that this action be dismissed without prejudice based on Plaintiff's failure to obey the Court's order of January 24,  2012.

IT IS SO ORDERED.

Dated:   March 30, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE